UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ELMER MITCHELL and JOHN "BRUCE" JESSEN,<br><br>    Petitioners,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MISC NO.: |
| RELATED CASE:<br><br>SULEIMAN ABDULLAH SALIM, MOHAMED AHMED BEN SOUD, OBAID ULLAH (as personal representative of GUL RAHMAN),<br><br>    Plaintiffs,<br><br>vs.<br><br>JAMES ELMER MITCHELL and JOHN "BRUCE" JESSEN,<br><br>    Defendants. | EASTERN DISTRICT OF WASHINGTON<br><br>NO. 2:15-CV-286 |

**PETITIONERS' MOTION TO COMPEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(d)(2)(B)(i)**

Petitioners James Elmer Mitchell and John "Bruce" Jessen, by and through their undersigned counsel, hereby move this Court to compel Respondent, the United States of America, to produce information responsive to subpoenas served by Petitioners, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i). In

support of this Motion to Compel, Petitioners rely upon and incorporate the attached Memorandum of Law.

Pursuant to Local Rule 7(m), Petitioners' counsel discussed this Motion to Compel via email with counsel for the United States in a good-faith effort to determine whether there is any opposition to the relief sought and to narrow the areas of disagreement. Nevertheless, the United States is opposed to this Motion.

Respectfully submitted,

BLANK ROME LLP

Dated: August 22, 2016

By: /s/ Paul M. Honigberg
Paul M. Honigberg
D.C. Bar No. 342,576
Henry F. Schuelke III
D.C. Bar No. 91579
Blank Rome LLP
1825 Eye Street NW
Suite 1200
Washington, DC 20006
Honigberg@blankrome.com
hschuelke@blankrome.com

Attorneys for Petitioners Mitchell and Jessen

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES ELMER MITCHELL and JOHN "BRUCE" JESSEN,<br><br>　　　　　　Petitioners,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondents.<br><hr>RELATED CASE:<br><br>SULEIMAN ABDULLAH SALIM, MOHAMED AHMED BEN SOUD, OBAID ULLAH (as personal representative of GUL RAHMAN),<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>JAMES ELMER MITCHELL and JOHN "BRUCE" JESSEN,<br><br>　　　　　　Defendants. | MISC NO.:<br><br><br><br><br><br><br><br><br><br>EASTERN DISTRICT OF WASHINGTON<br><br>NO. 2:15-CV-286 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS' MOTION TO COMPEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(d)(2)(B)(i)**

Petitioners, who are Defendants James Elmer Mitchell and John "Bruce" Jessen (collectively, "Defendants") in the action of *Salim et. al v. Mitchell et al*, currently pending in the Eastern District of Washington, No. 2:15-CV-286-JLQ, move this Court to compel Respondents, the United States Central Intelligence Agency ("CIA") and the United States Department of Justice ("DOJ") (collectively, "Government"), to produce documents pursuant Federal Rule of Civil Procedure 45(d)(2)(B)(i).

## I.   INTRODUCTION

Plaintiffs Suleiman Abdulla Salim, Mohamed Ahmed Ben Soud, and Obaid Ullah, on behalf of Gul Rahman, (collectively, "Plaintiffs") have brought suit against Defendants in the United States District Court for the Eastern District of Washington for actions that Defendants purportedly took while contractors for the CIA. Specifically, Plaintiffs allege that Defendants designed, implemented, and participated in the CIA's former detention and interrogation program. According to Plaintiffs, they were subjected to this program when they were detained by the CIA in connection with the United States' War on Terror in the aftermath of the September 11th attacks. Plaintiffs' claim that Defendants' actions violated the law of nations, and thus they can be held personally liable under the Alien Tort Statute, 28 U.S.C. § 1350, for compensatory and punitive damages.

To defend against these claims, in late June, Defendants issued subpoenas, via *Touhy* requests to the CIA and DOJ for documents critical to their defense. But, despite many weeks of meeting and conferring, the Government has not yet produced a single document in response to the subpoenas or even provided a date certain on which it expects to produce responsive documents. Although the Government continues to represent that it is committed to providing Defendants necessary, discoverable information, it has also lodged unfounded objections to the subpoenas and indicated that it intends to withhold plainly discoverable information without properly asserting privileges. Given the deadlines applicable to this action, Defendants unfortunately can no longer wait for the Government to potentially produce relevant documents someday, and are thus compelled to seek relief from the Court as set forth in the proposed order accompanying this Motion.

## II.  FACTUAL BACKGROUND

### A.  Pertinent Procedural History

Plaintiffs' commenced this action on October 13, 2015 before the United States District Court for the Eastern District of Washington. Wash. ECF No. 1, attached hereto as **Exhibit 1**. The action is assigned to the Honorable Justin L. Quackenbush. Defendants filed a motion to dismiss on January 8, 2016. Wash. ECF No. 27. On April 8, 2016, the United States of America filed a Statement of Interest to "advise the Court of the United States' interest in the discovery issues presented in this case." Wash. ECF No. 33, attached hereto as **Exhibit 2**. The twenty-page Statement of Interest outlines the complex issues purportedly

2

confronting the Government given the subject matter of Plaintiffs' claims and the claimed sensitive, or classified, nature of relevant information in the Government's possession or otherwise. *See id.*

On April 22, 2016, the Washington Court heard from the parties with respect to Defendants' motion to dismiss and preliminary discovery issues. Wash. ECF No. 38. Counsel for the Government, Andrew I. Warden, appeared at the hearing and advised that "[T]he government's position would be, if the government believes that the disclosure of the information is contrary to the national security interest, we would have to consider the assertion of the State secrets privilege." Apr. 22, 2016 Hr'g Tr. at 77:6-77:16, attached hereto as **Exhibit 3**. Throughout the hearing, the Washington Court advised that the action would be proceeding into discovery and informed the parties and Mr. Warden that it was expected that the Government would cooperate in discovery. The Washington Court stated, "I want you to know that, if there are government reports out there about what took place in the, 'enhanced interrogation' of those plaintiffs, they're going to be produced under whatever restrictions I need to impose." *Id.* at 75:18-75:22. The Washington Court also made clear that the parties should promptly bring discovery issues to its attention: "[i]f you, whether it be a party or the Department of Justice, that you represent, the United States, want to object, then present the objections and I'll rule upon it." *Id.* at 78:7-78:11. On April 28, 2016, Defendants motion to dismiss was denied and discovery formally commenced. Wash. ECF No. 40.

On May 23, 2016, Plaintiffs, Defendants, and the Government submitted a

stipulation regarding discovery that set out certain parameters for how discovery should proceed. Wash. ECF No. 47, attached hereto as **Exhibit 4**. The stipulation specifically indicates that the Government would be a primary source of discovery and that all requests for discovery from the Government should be submitted to Mr. Warden pursuant to the procedures outlined in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). *Id.*

      **B.**    **The Subpoenas at Issue and the Scheduling Conference Before the Washington Court**

As early as June 3, 2016, Defendants alerted the Government as to the types of documents they planned to seek in discovery. Decl. of Brian S. Paszamant in Support of Motion to Compel ("Paszamant Decl."), ¶ 3, **Exhibit A**. Then, on June 27 and 28, 2016, pursuant to 5 U.S.C. § 301, Defendants issued subpoenas to the CIA and DOJ, respectively, through the procedures outlined in *Touhy*, 340 U.S. at 468 (collectively, "Subpoenas") (Paszamant Decl. ¶¶ 5-7, **Exhibits B and D**.) The Subpoenas formally request that CIA and/or DOJ produce approximately 30 categories of documents, categories that Defendants had previously identified as areas where discovery was necessary.[1] *See id.* At the time, the Government was asked for an estimate as to when production in response to the Subpoenas would commence, but the Government was unable to provide an estimate. *Id.* ¶¶ 6-8, **Exhibits C and E**.

---

[1] Pursuant to Federal Rule of Civil Procedure 45(c), the Subpoenas listed the place of production in Washington, D.C. Paszamant Decl. **Exhibits B and D.**

4

On July 8, 2016, the Washington Court held a telephonic scheduling conference. Wash. ECF No. 58. During the conference, the Court set a discovery deadline of February 17, 2017, with interim deadlines starting November 21, 2016 for Plaintiffs to submit a list of expert witnesses, all expert reports, and a final list of trial witnesses. Wash. ECF No. 59 ¶¶ 4-5, attached hereto as **Exhibit 5**. The Washington Court specifically asked Mr. Warden if the Government had any issues with the dates proposed to be set, and the Government said, "[t]he dates you've set, your Honor, are acceptable to the Government." July 8, 2016 Hr'g Tr. 16:17-16:20, attached hereto as **Exhibit 6**. The Court then reiterated that any discovery issues should be promptly brought to its attention because it is "not going to delay this case at the instance of the Government." *Id.* at 22:17-22:18. Defendants also specifically asked if the Court would potentially order the Government to respond to *Touhy* requests within a certain timeframe and the Court responded:

> Well, the case is assigned to me. I'll decide the issues . . . as they arise. And, if there's an issue, get it timely noted in a motion or other filing; and I'll give the Government a reasonable period of time. I'm not going to let the Government delay this case, and I'm not going to let defendants delay this case because they say, well, there's classified information that . . . issue[] need[s] to be resolved.

*Id.* at 23:13-23:20.

Immediately following the telephone conference, the Government indicated to Defendants that it was developing a plan to respond to the Subpoenas, but provided no further details concerning such plan. Paszamant Decl. ¶ 12, **Exhibit**

5

G. In the weeks that followed, Defendants' counsel and the Government's counsel engaged in various meet and confer efforts, including telephone calls, an in-person meeting, and the exchange of written correspondence, both emails and letters. *Id.* ¶¶ 13-25, **Exhibits H-O**. All these communications followed the same pattern: the Government claiming that it wants to provide Defendants with information, but is unsure how it can provide such information or when. *See id.*

The Government has repeatedly claimed that the Subpoenas place a significant burden on it, a burden apparently attributable to the need to review requested documents containing information that may be considered "classified". *Id.* ¶¶ 4, 9, 13-14, 16, 21, **Exhibits A, F, H-J, M-N**. And, in many of the communications the Government indicated that it hoped, in the near future, to provide an estimate as to when production of documents would commence. *Id.* ¶¶ 14, 16, 21, 24, **Exhibits H-J, M-N**. But, to date, Defendants have not received any documents responsive to the Subpoenas nor an estimated production date.

In the midst of the aforementioned meet and confer efforts, the Government also asserted formal objections to the Subpoenas. *Id.* ¶ 16, **Exhibits I and J**. Specifically, the Government objected to the Subpoenas under Executive Orders 12333, 13470, 12958, the National Security Act, the CIA Act, the Intelligence Identities Protection Act, the Privacy Act, the Trade Secrets Act, the Deliberative Process Privilege, the Confidential Informant Privilege, the Law Enforcement Privilege, the Attorney Client and Attorney Work Product Privilege, and the State Secret Privilege. *Id.* Additionally, the Government claimed the Subpoenas were

6

overbroad, vague, duplicative, and unduly burdensome. *Id.*

Defendants responded to the Government's objections by explaining why many of the objections advanced were not applicable in the context of this action—or were not objections at all—and that under the Federal Rules of Civil Procedure the privileges advanced needed to be formally invoked to shield documents from production—and that they had not been. *Id.* ¶¶ 17-20, **Exhibits K and L**. And, in an effort to reduce the burden claimed by the Government and thereby amicably resolve the situation, Defendants: (1) agreed to significantly narrow many of the Subpoenas' requests; and (2) provided the Government with a proffer as to why the documents encompassed by each of the now-narrowed requests is relevant to the claims and defenses at issue in this action and thus discoverable. *Id.*

The Government thereafter advised that it would stand on its objections, and reiterated its belief that the scope of discovery sought by Defendants is "incompatible with the discovery timeframe established by the Court." *Id.* ¶ 22, **Exhibits M and N**. The Government also urged Defendants to adopt "alternative and creative options" that would enable the CIA to "meaningfully respond" to Defendants' discovery needs. *Id.* Most recently, the Government asked Defendants to forego document production in lieu of an affidavit from an anonymous Rule 30(b)(6) witness followed by a deposition from that witness based upon answers to submitted written questions. *Id.* ¶¶ 23-25, **Exhibit O**. Defendants have declined the Government's most recent proposal, in part, because of the uncertain evidentiary value of such an affidavit and deposition. *Id.* ¶¶ 26-28,

**Exhibits O and P**.

Because Defendants and the Government appear to have reached an impasse regarding the production of documents in response to the Subpoenas, Defendants are forced to turn to the Court for assistance.

### III. ISSUE PRESENTED

1. Should the Court compel the CIA and DOJ to produce all documents responsive to the Subpoenas issued by Defendants in un-redacted format by the date set forth in the attached proposed order, except documents purportedly subject to the attorney/client privilege and/or constituting work product?

2. Should the Court compel the CIA and DOJ to provide Defendants with a privilege log identifying those documents withheld from production as purportedly subject to the attorney/client privilege and/or constituting work product?

### IV. EVIDENCE RELIED UPON

Defendants rely upon the Paszamant Declaration filed in support of this Motion, with its attached exhibits, and the pleadings and filings herein.

### V. AUTHORITY AND ARGUMENT

Federal Rule of Civil Procedure 45 permits district courts to issue subpoenas seeking documents and testimony to government agencies that are not parties to an action. Fed. R. Civ. Pro. 45; *see Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006). Under the Federal Housekeeping Statute, 5 U.S.C. § 301, however, any party issuing a subpoenas to a federal agency must first comply with the specific agency's regulations concerning the production of documents and testimony

through so-called *Touhy* requests. *In re Boeh*, 25 F.3d 761, 766 (9th Cir. 1994) (citing *United States ex rel. Touhy*, 340 U.S. at 468). Once an agency has made a final decision that it will not comply with the subpoena, the court can review the agency's decision, *see* 5 U.S.C. § 704, and compel compliance, *Exxon Shipping Co.*, 34 F.3d 774, 780 (9th Cir. 1994). "[A] challenge to an agency's refusal to comply with a Rule 45 subpoena should proceed . . . as a Rule 45 motion to compel." *Watts v. S.E.C.*, 482 F.3d 501, 506 (D.C. Cir. 2007). And Rule 45, as amended on December 1, 2013, mandates that any motion to compel be brought in the court of the district where compliance is required.

The Federal Rules of Civil Procedure apply to "discovery requests made against government agencies, whether or not the United States is a party to the underlying action." *Exxon*, 34 F.3d at 780. "Under the balancing test authorized by the rules, courts can ensure that the unique interests of the government are adequately considered" while also protecting the litigant's right to "every man's evidence." *Id.* at 779-80. Here, the Government should be compelled to comply with the non-narrowed requests within the Subpoenas because Defendants' need for the requested evidence outweighs any burden on the Government and because the Government can assert common-law privileges, if applicable, to prevent disclosure of protected information.

        A.    **The Subpoenas Are Not Unduly Burdensome**

In assessing the burden of a discovery request on the Government, the D.C. Circuit instructs that the factors identified in Federal Rule of Civil Procedure 26—

9


such as the relevance, importance, access, resources, expense, and benefit—should be considered. *Watts*, 482 F.3d at 506; *see also Exxon*, 34 F.3d at 780. A subpoena is unduly burdensome where it seeks to compel production of documents regarding topics unrelated to or beyond the scope of litigation. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813–14 (9th Cir. 2003).

In this case, Defendants have sought to limit the burden the Subpoenas may place on the Government. Defendants have submitted requests limited in scope and time seeking documents directly relevant to the claims and defenses at issue in this action. Indeed, Defendants have repeatedly advised the Government of the specific relevance of the documents sought by each request, and have explained how some of the documents sought could be case or claim dispositive. Paszamant Decl. ¶ 17-20, 25-26, **Exhibits K, L, O**. Perhaps of equal importance, Defendants cannot obtain the evidence sought from any other source because it all remains within the Government's custody and the Government has even thus far prohibited Defendants from using certain relevant information that they may possess because of the Government's position that it is classified. Thus, any burden on the Government is greatly outweighed by Defendants' need for the requested documents, as Defendants will be unable to fully and fairly defend themselves absent such information.

Moreover, if the Government wishes to have the Subpoenas quashed, it bears the burden of persuasion. *Westinghouse Elec. Corp. v. City of Burlington, Vt.*, 351 F.2d 762, 766 (D.C. Cir. 1965); *Goodman v. United States*, 369 F.2d 166,

169 (9th Cir. 1966). As such, it must do more than simply state that the Subpoenas are unduly burdensome and continuously delay production, perhaps in the hope that discovery will end before production is required. *See Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 404-05 (D.C. Cir. 1984); *Goodman*, 369 F.2d at 169. Here, the Government has claimed that the Subpoenas are burdensome because it will have to conduct numerous searches of "potentially many different record systems" to located documents and then will need to review "this potentially voluminous collection of information." Paszamant Decl. ¶¶ 17-20, **Exhibits K and L.** But, volume alone is not determinative, especially when the documents sought are organized such that they can be systematically searched. *U.S. De"t of the Treasury v. Pension Benefit Guar. Corp.*, 301 F.R.D. 20, 28 (D.D.C. 2014); *see Northrop Corp.*, 751 F.2d at 404. Here, the Government simply has not met its burden to establish the Subpoena is unduly burdensome, and it should be ordered to produce the requested documents.

      **B.**    **The Government's Remaining Objections Are Unfounded and the Privileges that It Advances Must Be Formally Invoked**

The Government has raised many objections to the Subpoenas. Of these, many are entirely meritless.[2] The remaining objections all rest on an assertion of

---

[2] The following "objections" are not applicable in the context of civil discovery or can be circumvented with an appropriate protective order: Executive Orders 12333, 13470, 12958, the National Security Act, the CIA Act, the Intelligence Identities Protection Act, the Privacy Act, and the Trade Secrets Act. Defendants' counsel explained this to the Government's counsel during meet and

various privileges, many of which Defendants can overcome by a showing of need. *See Cobell v. Norton*, 213 F.R.D. 1, 4 (D.D.C. 2003) (deliberative process privilege not absolute); *Perez v. Blue Mountain Farms*, No. 2:13-CV-5081-RMP, 2015 WL 11112414, at *2 (E.D. Wash. Aug. 10, 2015) (confidential informant and law enforcement privilege not absolute). Still, the Government has not yet established that any of the privileges advanced actually apply to the information sought by Defendants. And, under Rule 45, the Government cannot withhold subpoenaed information under the claim of privilege unless it "expressly makes[s] the claim" and "describe[s] the nature of the withheld documents . . . in a manner that . . . will enable the parties to assess the claim." Fed. R. Civ. P. 45(2)(A).

Rule 45 applies equally to all privileges, including the state secrets privilege. Indeed, in *Northrop.*, 751 F.2d at 395, the Court specifically rejected the Department of State's attempt to claim documents were protected by the state secrets privilege before they were reviewed and without a formal invocation of that privilege from the head of the agency.[3] In that case, the State Department was not a party, but McDonnell Douglas claimed that the United States' actions caused it to breach the terms of a contract and violate antitrust laws, which were the subjects of

---

confer efforts, and asked to be provided with contrary authority if possessed by the Government. Paszamant Decl. ¶ 16, **Exhibits I and J.** No contrary authority has been provided.

[3] To be invoked, the state secrets privilege requires: (1) a formal claim of privilege; (2) lodged by the head of the department which has control over the matters; (3) after actual personal consideration by that officer. *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953).

the suit. *Northrop.*, 751 F.2d at 397. To prove its defense, McDonnell Douglas subpoenaed the State Department seeking documents, some of which it was contended were classified. *Id.* The State Department objected to the subpoena as unduly burdensome because of the significant man hours needed to search for responsive documents and because many of the responsive documents were purportedly classified and subject to the state secrets privilege. *Id.* at 403. The D.C. Circuit held that the district court improperly quashed the subpoena, explaining that the State Department was required to either formally invoke the state secret privilege—and demonstrate the applicability of the privilege—or produce the documents. *Id.* at 403-05. It explained that without first retrieving and examining the documents at issue, it was "premature for State to assert or even insinuate a claim of the state secrets privilege." *Id.* at 404.

The same reasoning applies here. The Government cannot rely on the state secrets or other privileges to shield disclosure without first demonstrating that those privileges are applicable (and invoking them as necessary). *Goodman*, 369 F.2d at 169 (holding the government cannot "allude[] to a claim of privilege which it might invoke" as a reason to quash a subpoena). And, the Government surely cannot determine the applicability of those privileges until it has first gathered and examined the relevant documents, and then invoked the claimed privilege(s).

## VI. CONCLUSION

For the foregoing reasons, Defendants request that the Court grant their Motion to Compel and enter the attached proposed Order.

Respectfully submitted,

BLANK ROME LLP

Dated: August 22, 2016

By: /s/ Paul M. Honigberg
Paul M. Honigberg
D.C. Bar No. 342,576
Henry F. Schuelke III
D.C. Bar No. 91579
Blank Rome LLP
1825 Eye Street NW
Suite 1200
Washington, DC 20006
Honigberg@blankrome.com
hschuelke@blankrome.com

Attorneys for Petitioners Mitchell and Jessen

## CERTIFICATE OF SERVICE

I hereby certify that on the 22 day of August, 2016, I filed the foregoing document with the Clerk of Court and served copies of such filing via first-class mail to the following:

Andrew L. Warden
Andrew.Warden@usdoj.gov
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530

Emily Chiang
echiang@aclu-wa.org
ACLU of Washington Foundation
901 Fifth Ave, Suite 630
Seattle, WA 98164

Steven M. Watt
swatt@aclu.org
Dror Ladin
dladin@aclu.org
Hina Shamsi
hshamsi@aclu.org
Jameel Jaffer
jjaffer@aclu.org
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY 10007

Paul Hoffman
hoffpaul@aol.com
Schonbrun Seplow Harris & Hoffman, LLP
723 Ocean Front Walk, Suite 100
Venice, CA 90291

By *s/ Ann Querns*
Ann Querns